**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARYANNE MULLINS,

                    Plaintiff,                              CASE NO. 13-12340

v.                                                          HON. MARIANNE O. BATTANI

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

                    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S  MOTION TO DISMISS**

Before the Court is Defendant Federal National Mortgage Association's ("Fannie

Mae") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 6).  The Court has

reviewed all the relevant filings and finds oral argument will not aid in the resolution of this

dispute.  See E. D. Mich. LR 7.1(f)(2).  For the reasons discussed below, the Court grants

Defendant's motion.

**I.      INTRODUCTION**

Plaintiff Maryanne Mullins purchased property located at 16868 Kirkton Drive, Troy,

Michigan (the "Property").  She entered into a mortgage loan transaction with Cambridge

Mortgage Company on May 24, 2005.    Mullins obtained a $138,000 loan, which was

secured by a mortgage on the property granted to Mortgage Electronic Registration

System ("MERS") as nominee for Cambridge Mortgage Company and a promissory note

(Note).  (Doc. No. 6, Ex. 1).  MERS assigned the mortgage to CitiMortgage, Inc. on

October 28, 2008, and two years later, CitiMortgage assigned the mortgeg back to MERS

as nominee for Fannie Mae.  (Doc. No. 6, Exs. 2, 3).  MERS subsequenlty assigned the mortgage to Fannie Mae.  (Doc. No. 6, Ex. 4).

After Plaintiff defaulted on her loan modification, she requested a second modification from Fannie Mae's servicer, Seterus, Inc. (Seterus).  She subsequently filed for Chapter 7 bankruptcy, and was granted a discharge on June 19, 2012.  On July 19, 2012, Seterus moved for relief from the automatic state to permit it to proceed with foreclosure.  Fannie Mae purchased the property at a sheriff's sale held October 30, 2012.  The redemption period expired on April 30, 2013.

Plaintiff filed suit in Oakland County Circuit Court.  Defendant timely removed the state court action to this Court and filed a motion to dismiss the complaint for failure to state a claim.

Mullins brings six causes of action:  Count I–Fraudulent Misrepresentation; Count II–Estoppel; Count III–Negligence; Count IV–Violation of  the Regulation of Collection Practices Act; Count V–Violation of the Fair Debt Collection Practices Act; and Count VI–violation of the Michigan Consumer Protection Act.   The Court discusses the viability of Plaintiff's claims below.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion "allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).  To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility "requires showing more than the

sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III.  ANALYSIS

Before turning to the merits of Defendant's arguments, the Court must decide whether to consider documents attached to Defendant's motion that are outside the pleadings. In Weiner v. Klais and Co., 108 F.3d 86,88 (6th Cir.1997), the Sixth Circuit observed that the lower court "may consider any matters of which a court may take judicial notice without converting a party's motion to dismiss into a motion for summary judgment." Moreover, when the documents are referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss. Id. (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993)).

Therefore, in assessing the viability of the claims, the Court considers not only the allegations in the complaint, but also documents referenced in the pleadings that are central to the claims, such as the Note and mortgage and the assignments. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007). These exhibits are incorporated by reference,  verifiable, and integral to the parties' dispute.

**A. Fraudulent Misrepresentation**

There is no dispute that Fannie Mae purchased the Property at a foreclosure sale. Likewise there is no dispute that the redemption period has expired. Defendant maintains that once the period expired, it was vested with all the rights, title, and interest in the property, and Mullins no longer has standing to challenge the sale.

Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period. See Mich. Comp. Laws § 300.3236-3240. Nevertheless, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted). The Court therefore considers whether Plaintiff's allegations of fraudulent misrepresentation provide a sufficient basis to attack the foreclosure. See Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 745 (E.D. Mich. 2010); Lemke v. H & R Block Mortg. Corp., 11-14979, 2012 WL 715894 (E.D. Mich. Mar. 6, 2012) (citing Tatar v. Trott & Trott, P.C., No. 10–12832, 2011 WL 3706510 (E.D. Mich. Aug. 3, 2011)); Brezzell v. Bank of Am., N.A., No. 11–11467, 2011 WL 2682973 (E.D.Mich. July 11, 2011)).

Here, the factual basis for the fraudulent misrepresentation claim advanced by Plaintiff is that she was told she had been approved for a second loan modification and was to begin making reduced payments on October 1, 2012.  (Doc. No. 1, Compl. at ¶¶ 11-13).  Plaitniff never received paperwork; nor was she told where to send her payments. (Id. at ¶ 14).  Mullins contacted the Bank in September 2012, inquired about her paperwork ans was told she would received it via UPS.  (Id. at ¶ 14).  Mullins alleges that she repeatedly called the bank from September 2012 through January 2013, but never got a straight answer about what was going on.  (Id. at ¶ 16).

As the Sixth Circuit made clear in Colin v. Mortgage Elec. Registration Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013) (citations omitted), "[t]he misconduct must relate to the foreclosure procedure itself."  The misconduct alleged by McGlade does not relate to the foreclosure procedure itself, and she has failed to state a claim for which relief can be granted.  Further, allegations about irregularity in the loan modification process simply does not meet the standard.  See Williams v. Pledged Prop. II, LLC, 508 F. App'x 465, 468 (6th Cir. 2012) (observing oral assurances during a negotiation to change the terms of a mortgage loan are "separate from the foreclosure process itself" and do not satisfy the fraud exception).

Moreover, the state Statute of Frauds bars claims against a financial institution in the absence of a signed writing to enforce a promise to "renew, extend, modify, or permit a delay in repayment or performance of a loan."  See Mich. Comp. Laws. § 566.132(2). Because of the sweeping reach of the statute, any claim, regardless of how it is labeled, "against a financial institution to enforce the terms of an oral promise" is barred.  Crown

Technology Park v. D&N Bank, FSB, 619 N.W.2d 66 (Mich. Ct. App. 2000).  Many courts have applied the rule to claims of fraud.  See e.g. Baumgartner v. Wells Fargo Bank, N.A., 11-CV-14065, 2012 WL 2223154 (E.D. Mich. June 15, 2012) (citation omitted) (addressing a claim based upon a broken promise of a future loan modification, and observing that the lack of evidence that the defendant's authorized representative "made promises that plaintiff[ ] would receive the financial accommodation of a loan modification and reduced such promises to a written agreement" required dismissal).  Because Mullins has not provided a signed writing by an authorized representative of Fannie Mae regarding a promise to modify her Loan, even if she had stated a claim of fraud, her claim must be dismissed.

## B.  Estoppel

In Count II, Mullins asserts a promissory estoppel claim based on the same allegation that Fannie Mae promised that she was approved for a second loan modification.  Her allegations do not satisfy the elements of promissory estoppel.  To state a claim she must allege (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided.  Marrero v. McDonnell Douglas Capital Corp.,505 N.W.2d 275 (Mich. Ct. App. 1993).

In determining whether Mullins has included allegations sufficient to establish that Fannie Mae should have expected the alleged promise to induce definite and substantial action, the Court considers Plaintiff's allegation that she received no documentation, that

6

she did not make payments, and that she notice of foreclosure was published.  Her allegations undermine the reasonableness of her reliance on the promise, and she has failed to state a claim of estoppel.

Even if she had, Mullins cannot state a claim for promissory estoppel because it is barred by the statute of frauds.  See Crown Technology, 619 N.W.2d 66.

### C. Negligence

To establish her claim of negligence against BANA, Mullins must show "duty, breach of that duty, causation, and damages." Brown v. Brown, 739 N.W.2d 313, 316–17 (Mich. 2007).  Duty is "the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury." Lelito v. Monroe, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006).

According to Mullins, Fannie Mae owed her a duty to "communicate with her honestly regarding the second loan modification;"  (Doc. No. 1, Compl. at ¶ 34); and breached it by telling her she had been approved for a modification, and then initiating foreclosure proceedings without sending her the paperwork to complete the modification." (Id. at ¶¶ 35-36).

Because Fannie Mae had no duty to review Mullins for a loan modification, there can be no breach. See Yaldu v. Bank of America Corp., 700 F. Supp. 2d 832, 846 (E. D. Mich. 2010).  Fannie Mae had no duty separate and distinct from the mortgage contract. See Galati v. Wells Fargo Bank, NO. 11-11487, 2011 WL 5178276 (Nov. 1, 2011) Accordingly, the allegations giving rise to Count III fail to state a claim.

### D.  Regulation of Collection Practices Act

Under Michigan law, the Regulation of Collection Practices Act ("RCPA") governs the collection practices of certain persons,[1] including BANA.  Mich. Comp. Laws § 445.251(g)(ii) -258.  The RCPA, prohibits BANA from making "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt."   Mich. Comp. Laws § 445.252(e).  The statute also prohibits the use of "a harassing, oppressive, or abusive method to collect a debt."   Mich. Comp. Laws § 445.252(n).

In support of her claim, Mullins alleges that she received a debt validation letter while she was attempting to obtain a loan modification.  She contends that the letter was mailed so she would not dispute the validity of the debt because as a borrower trying to secure a loan modification, she would not dispute the validity of the debt she sought to modify.  (Doc. No. 1, Ex. 2, Compl. at ¶¶ 42-45).

The statute does not authorize a claim based upon a plaintiff's reluctance to dispute the validity of a debt because of the timing of the validation.  Plaintiff does not allege that the amount was incorrect, and there is no basis to apply the RCPA to the allegations made in this case. Therefore, Defendant is entitled to dismissal of Count IV.

### E.  Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In assessing whether a debt collector's actions are false,

---

[1]In her Complaint, Mullins captioned her claim as one under the  state Fair Debt Collection Practices Act.  She makes clear that the claim is under the RCPA in her responsive pleading.

deceptive, or misleading under § 1692e, courts apply the "least sophisticated consumer" standard.  Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006).

Here, the allegations advanced by Mullins to support her claim, which are the very same allegations advanced in her RCPA claim, contain no suggestion that Fannie Mae made a materially false or misleading statement.  Nor would the timing of the validation letter "tend to mislead or confuse the reasonable unsophisticated consumer."  Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326-27 (6th Cir. 2012).  Consequently, she has failed to state a claim under the Fair Debt Collection Practices Act.

### E.  Consumer Protection Act

Plaintiff's final claim is brought under the Michigan Consumer Protection Act ("MCPA"); however, the MCPA does not apply to a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."   Mich. Comp. Laws § 445.904(1)(a).  The state courts have interpreted this language to mean that the MCPA does not apply to claims arising out of residential mortgage loan transactions.  See Newton v. Bank West, 686 N.W. 2d 491, 493 (Mich. Ct. App. 2004).  Plaintiff has no authority distinguishing her claim from those rejected on this ground by state or federal courts.  Accordingly, the Court agrees with Defendant that this claim must be dismissed.

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion.

9

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: October 21, 2013

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager